IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-12-FL

| | |
|---|---|
| RID-A-PEST, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| AMERICAN AUTOMOBILE | ) ORDER |
| INSURANCE COMPANY, and | ) |
| FIREMAN'S FUND INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

This action comes before the court on motion for judgment on the pleadings, and with respect to scheduling issues, necessary now to be decided.

BACKGROUND

This insurance contract dispute matter was removed from Wilson County Superior Court on January 8, 2013, due to diversity of the parties where the amount in controversy exceeds $75,000.00. It is alleged that the defendants were the liability insurer of plaintiff, providing a general liability insurance policy and insuring the plaintiff and its employees against liability for negligent actions causing damage to the property of others and/or personal injury to others. The liability policy at issue here is alleged effective from June 4, 2006 through June 4, 2007.

Plaintiff contends that it is entitled to an order declaring that defendants had a duty to indemnify plaintiff as it pertains to a lawsuit commenced in Carteret County on June 17, 2009, where plaintiff in this action was named as a third-party defendant. That action involved a pastor and his

wife as plaintiffs who resided in a church parsonage. Some renovations were made to the parsonage and mold in the interior wall of a bathroom was discovered.

It was contended in that suit, now resolved, that the mold was not properly removed and resulted in the spread of the spores, ultimately causing contamination in other parts of the house and negative health effects suffered by the pastor and his wife after they were exposed to it. The original contractor performing the renovations and named as a defendant in the Carteret County suit filed a third-party complaint against the plaintiff in this action (and others) because that defendant contracted with plaintiff to provide materials and labor for the crawlspace dehumidification and mold remediation system for the parsonage.

Plaintiff challenges that the pleadings in that Carteret County action state facts and demonstrate that the alleged injuries and damages were covered by the policy and further, that the pleadings state facts that give rise to at least a mere possibility that plaintiff's potential liability is covered by the policy. The plaintiff challenges that all the other defendants or third-party defendants in that action had a liability policy with language nearly identical to the purported "mold exclusion" language contained in the policy at issue in this case and upon which defendant relied as a basis for denying coverage and a defense to plaintiff. Also, the insurers of all the other defendants or third-party defendants contributed settlement funds as part of the global settlement reached at mediation.

Plaintiff here complains that defendants' failure to indemnify and defend was to plaintiff's detriment and as a result of defendants' purported bad faith denial of a defense and coverage, plaintiff was forced to spend in excess of $104,000.00 to defend and settle the claim. Plaintiff further notes that the portion of the settlement it paid in the global settlement reached in the Carteret County action was within the policy limits and defendants have failed and refused to reimburse the plaintiff

2

for that.

Plaintiff seeks a declaratory judgment, damages (treble), and attorneys' fees and costs. Defendants answered the complaint January 14, 2013, and the court's initial order was entered thereafter. Immediately before the court held an initial telephonic conference, defendants filed a motion for judgment on the pleadings. The court held the initial conference and entered its case management order thereafter, on March 13, 2013, which did not provide for any dispositive motions deadline. The motion for judgment on the pleadings pursuant to Rule 12(c) has ripened.

Recently, however, a discovery dispute matured. The court notes defendant waited approximately three months before propounding their first set of written discovery, it appears. Plaintiff has not timely responded to the interrogatories and document requests served upon counsel.

In accordance with the case management order, the complaining party recently initiated inquiry by email of the case manager concerning scheduling informal conference with the court. Plaintiff answered that email transmittal with explanation of issues including ones of a personal nature affecting counsel's ability to engage in his legal practice for a brief period of time. The court resolved the issues in discovery presented by allowing plaintiff up to and until August 21, 2013, within which to make its responses.

Reflecting back on the course of the case, where defendants urged that discovery be conducted in phases, with the first phase being limited to the issue of coverage under the subject policy pursuant to plaintiff's declaratory judgment claim, defendants contended that the second phase of discovery would be triggered upon the resolution of their Rule 12(c) Motion. The court endorsed in its case management order the view of defendants and limited discovery as proposed by them. It would appear from cursory review of the written discovery now at issue, adhered to counsel's

3

email transmittal, that the scope of defendants' interrogatories and document requests reasonably could be said to exceed the limits on discovery placed by the court at defendants' earlier request, however. There appears no objection by plaintiff.

The court did not place a deadline for discovery; rather, it held that when decision is entered on the Rule 12(c) motion, the court would invite the parties to file a supplement to their joint report and plan, with suggested deadlines for remaining discovery and dispositive motions.

## COURT'S DISCUSSION

Turning squarely to the motion, the court has carefully read the materials tendered in support of it and in opposition to the same. The court cannot conclude there are such fatal defects in plaintiff's complaint as to warrant judgment on the pleadings against it, under the proper standard to be employed when considering a Rule 12(c) motion. As plaintiff correctly notes, such a motion embodies a drastic procedure, and here it would be improper to adopt that procedure. The court dispenses with lengthy opinion where it is plain under law this case should proceed past the Rule 12(c) stage.

Reflecting on the case schedule, the court notes that disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, by now should have been served by both sides. The parties were ordered to make expert witnesses available for deposition as soon as reasonably possible, but in any event no later than June 15, 2013, for plaintiff, and no later than 60 days after the designation of expert witnesses for defendants. Reference is made to the case management order for other directives and deadlines, including mention that a settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Civil Rule 101.1a(b), or before the final

4

pretrial conference if not automatically selected. This case automatically was selected for mediation, which the court affirmed at the Rule 16(b) conference. At this juncture the court must enter a scheduling order governing remaining deadlines for discovery, where the court did not place a deadline for discovery, and for dispositive motions.

## CONCLUSION

For reasons given, defendants' motion for judgment on the pleadings is denied. The court directs the parties to file a supplement to their joint report and plan with suggested deadlines for remaining discovery and dispositive motions. Careful thought is urged also with regard to the needs of this case as they relate to conduct of mediation. Said supplemental joint report and plan shall be filed within twenty-one (21) days hereof. Thereafter the court will enter its further order on case management. If the parties wish a modest stay for the purpose of early mediation, this shall be included in their supplemental report.

SO ORDERED, this the 7th day of August, 2013.

LOUISE W. FLANAGAN
United States District Judge

5